STATE OF NEBRASKA, APPELLEE, V. FRED DABNEY, APPELLANT.

147 N. W. 2d 768

Filed January 13, 1967. No. 36348.

264

Michael T. Levy, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and POLLOCK, District Judge.

CARTER, J.

This is a proceeding under the Post Conviction Act. After the defendant, Fred Dabney, filed a motion to vacate the judgment of conviction, the trial court directed the county attorney to appear and show cause why an evidentiary hearing should not be held. On July 27, 1965, the county attorney appeared, evidence was taken, and on April 1, 1966, the motion to vacate the judgment was overruled and an evidentiary hearing denied. Defendant has appealed.

Defendant was arrested and charged with first degree murder. Preliminary hearing was waived. On July 12, 1961, the defendant having established indigency, the court appointed the public defender of Douglas County as his attorney. Defendant was tried before a jury and on October 12, 1961, he was found guilty of murder in the second degree. A motion for a new trial was filed and overruled. On January 23, 1962, defendant was sentenced to serve a sentence of 20 years in the State Penitentiary. Defendant discussed the matter of an appeal with his court-appointed counsel before sentence was imposed but admits he did not request that an appeal be taken but assumed that an appeal would be taken. Defendant asserts that he gave notice of appeal personally by letter to the clerk of the district court for Douglas County. There is nothing in the record indicating that a notice of appeal was filed. Defendant filed a

writ of habeas corpus in the district court for Lancaster County on April 24, 1962. The court determined that his petition did not state a cause of action and dismissed the action. An appeal was taken to the Supreme Court and this court dismissed the appeal on October 1, 1962, for failure to comply with the rules of the court. On June 5, 1963, defendant filed a petition for a writ of habeas corpus in the United States District Court for Nebraska. Counsel was appointed to represent him in that court and, after hearing, his petition was denied. He perfected an appeal to the United States Court of Appeals which remanded the case on the ground that defendant had failed to exhaust his state remedies. Defendant then filed a proceeding in the district court for Douglas County under the post conviction statute, Chapter 29, article 30, R. S. Supp., 1965. Counsel was appointed and relief denied as heretofore stated. An appeal was taken to this court, which appeal is presently before it. The primary issue before this court is whether or not the trial court erred in denying an evidentiary hearing and dismissing the motion to vacate the original judgment of conviction and sentence.

Defendant admits that many of the issues presented do not require an evidentiary hearing in the district court. It is his contention, however, that the files and records of the case do not conclusively show that defendant is not entitled to relief on three grounds: (1) That he was not afforded effective counsel, (2) that there was a suppression of evidence by the State, and (3) the failure to appoint counsel on the alleged appeal from the original conviction.

Defendant concedes that an evidentiary hearing is not required in all cases as this court has previously held in State v. Woods, 180 Neb. 282, 142 N. W. 2d 339. In that case we said: "Where no controverted material issues of fact are presented, the facts as shown by the record are undisputed, the taking of oral testimony on motion could not add to or detract from the information shown

by the court's files and records, and the court is satisfied that the prisoner is entitled to no relief, no hearing is required under the provisions of the Post Conviction Act."

Defendant complains of the failure of the court to appoint counsel on appeal from his original conviction. The evidence does not show and the defendant concedes that he did not request his counsel to appeal. He states that he assumed that an appeal would be taken. Within the time for taking an appeal, defendant discovered that no appeal had been taken. He asserts that he mailed a notice of appeal by letter to the clerk of the district court for Douglas County. The records disclose no such letter. The assertion by a defendant that he mailed a notice of appeal is not equivalent to the filing of a notice of appeal. When he uses the mail to deliver such a notice, he makes the postal department his agent for whose failure he is bound. In any event, if his allegations are true that he filed a notice of appeal, such appeal is pending and undisposed of. Without a denial of his right of appeal, he is not, under such circumstances, entitled to complain that his appeal was denied or that counsel was not appointed to represent him on appeal as this relief would still be open to him. No request was made to the court for the appointment of counsel to represent him on appeal. The court is not required to anticipate an appeal in every case as a defendant may be convicted of a lesser offense or receive a lenient sentence from which he may not desire to appeal. Defendant cites Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, and Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A. L. R. 2d 733. In these cases a request for legal counsel in presenting an appeal on the ground of indigency was made and denied which is not the case here.

Here the defendant asserts that he gave notice of appeal. If this be true, defendant is precluded from invoking the Post Conviction Act. State v. Carr, *ante* p.

251, 147 N. W. 2d. 619. If an appeal was not perfected and no request was made to the court for the assistance of counsel in perfecting or conducting it until after the time for appeal had expired, he had no right left to be protected and the appointment of counsel would be a useless act. The holdings of the cases cited do not extend to the case at bar. This is not a case involving waiver of counsel where the tender of counsel by the court is required. The rule to be applied here depends on the considered choice of the petitioner. Carnley v. Cochran, 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70. The necessity for appointing counsel does not arise until he requests it from the court. In the instant case he made no request of his court-appointed attorney to appeal his case, he wrote letters to others having no authority to assist him, but he requested nothing of the court having authority to provide legal assistance. The appointment of counsel without request under the facts here shown is not a constitutional requisite independent of whether or not a request is made to the court.

Defendant asserts that ineffective and incompetent counsel was appointed to assist him in his original trial. He alleges that his court-appointed attorney did not confer with him until a few days before the trial and he reiterates the facts heretofore disclosed. He contends this entitles him to the relief demanded. At the hearing on the show cause order, the evidence taken at the original trial for first degree murder was received in evidence without objection and the evidence taken at the trial of the habeas corpus case in the United States District Court entitled Fred Dabney v. Maurice L. Sigler, Warden, Nebraska State Penitentiary, Civil 624 L, was received in evidence by stipulation of the parties. Defendant stipulated that if the witnesses called in the federal district court trial of the petition for habeas corpus were called in the instant case, their testimony would in effect be the same.

While it could be said that defendant was actually ac-

corded an evidentiary hearing in the hearing of the order to show cause, we will not so treat it in this case although he stipulated to the reception of extrinsic evidence.

We have examined the record of the trial of the defendant in the district court for Douglas County, including the evidence adduced therein, which resulted in a verdict of guilty of murder in the second degree. The record shows that defendant's attorney conducted the trial with professional skill and integrity. Objections and motions were timely made. The cross-examination of the State's witnesses was properly and skillfully done, and was undoubtedly the primary factor in bringing about the reduction of the charge to second degree murder by the prosecuting attorney. The claim that defendant's counsel did not take adequate time to prepare his defense has no foundation. No claim is made that any evidence existed that was not produced or properly presented. Defendant's claim that his court-appointed counsel was incompetent and ineffective rests solely in his dissatisfaction with the result of the jury verdict. This alone affords no basis for a claim of ineffective counsel.

Defendant claims that the State suppressed certain evidence which was prejudicial to his case. In this respect, the defendant testified at the original trial that the deceased drew a knife on him immediately before the shooting. There was evidence that a penknife with a short blade was found near the scene of the alleged crime which had a spot of blood on the handle. Witnesses for the State admitted the truth of this evidence. The prosecution failed to produce the knife at the trial for the reason that it had become lost during a move of the contents of the vault where such evidence was kept. The crime was charged as occurring on September 24, 1955, and defendant was not apprehended until about June 22, 1961. His trial in the district court was commenced on October 10, 1961. The delay in the trial was due primarily to the unknown whereabouts of the

defendant for more than 5 years. While it was the duty of the prosecution to retain evidence of this character, the explained loss of the knife removed any prejudice to the defendant under the circumstancs shown. It does not amount to a suppression of evidence by the State.

The records and evidence before the trial court show that defendant's assigned errors were without substance. Nothing could be shown at an evidentiary hearing that was not fully presented to the trial court on the order to show cause. The trial court's refusal to grant an evidentiary hearing was therefore correct and its judgment is affirmed.

AFFIRMED.