STATE OF NEBRASKA, APPELLEE, v. JOHN HIZEL, JR., APPELLANT.

150 N. W. 2d 217

Filed April 28, 1967. No. 36520.

John Hizel, Jr., pro se.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from the overruling of a motion to vacate a conviction and sentence for second degree murder brought under the provisions of the Post Conviction Act.

The record shows that on October 15, 1964, the defendant, John Hizel, Jr., was charged in the district court for Scotts Bluff County with unlawfully and feloniously, purposely and maliciously, but without deliberation and premeditation, killing Elbert Eugene Hendren. Defendant filed proof of indigency and the trial court appointed Willard F. McGriff, the public defender of Scotts Bluff County, to represent the defendant as his legal counsel. Subsequently, on request, the court appointed Alfred J. Kortum, a member of the bar, to assist in defendant's defense. The two named attorneys represented defendant in his trial in the district court. Defendant was found guilty by a jury and sentenced to life imprisonment by the court. An appeal was taken to the Supreme Court and the judgment and sentence were affirmed in State v. Hizel, 179 Neb. 661, 139 N. W.

2d 832. In his appeal to the Supreme Court, defendant was represented by the same two attorneys. The opinion of the Supreme Court was filed on January 28, 1966.

On September 19, 1966, defendant filed his motion to vacate the judgment of conviction and sentence on two grounds, first, that he was interrogated by the sheriff and other law enforcement officers without advising him of his right to remain silent and in not advising him of his right to legal counsel, and, second, that defendant was incapable of malice and wrongful intent. The trial court, after a consideration of the motion to vacate and an examination of the files and records of the case, denied an evidentiary hearing. Defendant filed notice of appeal and requested the appointment of counsel at the expense of the state which was likewise denied. Defendant brought his appeal to this court pro se. The transcript of the pleadings and the evidence taken in defendant's trial for second degree murder are before the court under the rule adopted in State v. Fugate, 180 Neb. 701, 144 N. W. 2d 412.

It is contended by the motion filed in the post conviction proceeding that because of the condition of the defendant at the time of the alleged crime, defendant could not have had a purpose to kill and was incapable of the malice required to be proved by the State. This issue was tried before the jury. Defendant called a neuropsychiatrist who testified as to his mental deficiency and brain damage, and the contribution made to his mental deterioration by a history of excessive drinking. The issue of malice and purpose to kill was submitted to the jury under proper instructions. The jury found against the defendant on the issue and, on appeal, this court affirmed. The defendant is not entitled to have the issue retried in a post conviction proceeding. State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765; State v. Parker, 180 Neb. 707, 144 N. W. 2d 525; State v. Sheldon, *ante* p. 360, 148 N. W. 2d 301.

Defendant further alleges that he was interrogated by

law enforcement authorities without being advised of his right to remain silent and to have legal counsel. These do not appear to have been issues on the appeal from his conviction. The reasons why the issues were not presented are that there was no police interrogation of the defendant, that no confession was offered against him at the trial, that there were no objections of counsel on any such ground, and that the evidence on the trial shows the correctness of the foregoing statements. In addition thereto, the defendant testified in the case. The contention that the sheriff interrogated defendant immediately after he was brought to the county jail is dissipated by the defendant's own testimony. He testified that when he was brought to the sheriff's office that he was informed by the sheriff that Hendren was dead, a fact the defendant did not previously know. The evidence of defendant then is: "Q And was there any other conversation? A (Witness shook head in the negative.) He asked me if I wanted to make a telephone call. I said, 'It's too late now.' Q So you made no telephone call? A So I didn't make no telephone call. Q And were you interrogated or talked to any more after that by Steve (Warrick)? A No. Then they put me upstairs." The evidence shows that defendant made no confession that was offered in evidence against him. He did volunteer some statements which were consistent with the evidence he gave on the trial. The claim that defendant's constitutional rights were violated is shown by the record to be without any basis in fact. Any statements made were shown to have been voluntary and no objections were made on the theory that they amounted to anything else.

The trial court found from the records before it that there was no issue raised as to defendant's constitutional rights. Under such circumstances, the trial court may properly deny an evidentiary hearing.

The defendant complains of the refusal of the court to appoint counsel to assist him in an appeal from the

denial of his motion to vacate the judgment and sentence. Under the provisions of section 29-3004, R. S. Supp., 1965, it is discretionary with the district court as to whether or not an attorney shall be appointed to represent a defendant on appeal in a post conviction proceeding. Although such proceeding resembles a criminal action, it is in fact a civil proceeding in which a defendant is not entitled as a matter of constitutional right to the appointment of legal counsel. In the absence of an abuse of discretion by the trial court, no error can be predicated on the refusal of the court to appoint counsel in a post conviction case. State v. Burnside, *ante* p. 20, 146 N. W. 2d 754. Here the defendant has raised nothing tending to show that his constitutional rights have been violated. It is not an abuse of discretion to deny the appointment of counsel under such circumstances. What we said in State v. Clingerman, *supra,* has application here: "We interpret Laws 1965, c. 145, p. 486, to be intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his sentence. To hold otherwise will be to permit defendants to misuse and abuse a remedy intended to provide relief for those exceptional cases where the rights of a defendant have been ignored or abused."

We find no error on the part of the trial court in denying an evidentiary hearing, or in refusing to appoint counsel to take an appeal therefrom.

AFFIRMED.