STATE OF NEBRASKA, APPELLEE, V. KENNETH F. CARREAU, APPELLANT.

154 N. W. 2d 215

Filed November 24, 1967.    No. 36644.

Mark A. Buchholz, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the denial of post conviction relief. Essentially, the appeal attacks the denial of a post conviction evidentiary hearing. The defendant predicates his claim for relief on the following allegations of his pleading: "I.  Defendant contends that he is not Guilty as charged in this matter. * * * II.  Defendant contends that duress was used by the State to force the defendant to enter the plea of Guilty falsely by the coercive method of charging defendant with two separate charges of uttering a forged instrument and charged on each count the defendant with being an habitual criminal thus threatening and intiminating (sic) the defendant into falsely entering a plea of Guilty."

Defendant is obviously suggesting preliminary plea

bargaining. There is nothing in this claim which would vitiate defendant's plea. The present posture of our law recognizes the propriety of plea discussions and agreements, if properly conducted. The tentative draft of the American Bar Association's project on minimum standards for criminal justice, "Standards Relating to Pleas of Guilty," provides: "3.1 Propriety of plea discussions and plea agreements. (a) In cases in which it appears that the interest of the public in the effective administration of criminal justice (as stated in section 1.8) would thereby be served, the prosecuting attorney may engage in plea discussions for the purpose of reaching a plea agreement. He should engage in plea discussions or reach a plea agreement with the defendant only through defense counsel, except when the defendant is not eligible for or does not desire appointment of counsel and has not retained counsel." This has been the law in this jurisdiction.

Competent counsel was appointed for defendant before his arraignment in county court, and defendant was represented by counsel at all essential stages of his subsequent prosecution. The record before us suggests that the defendant, a recidivist above average intelligence, was fully cognizant of the effect of the procedure employed.

The record shows that the county attorney examined the defendant thoroughly as to his understanding of the waiver of his rights and the consequences of a guilty plea. The following examination by the trial court is of particular moment herein: "COURT: How does the Defendant plead to the Information? DEFENDANT CARREAU: Guilty. COURT: Now, do you make this plea voluntarily? DEFENDANT CARREAU: Yes. COURT: Has there been any promise or threats of any kind imposed upon you to induce you to plead guilty? DEFENDANT CARREAU: No. COURT: Are you pleading guilty here this morning to this Information because you presently have a belief that you are guilty of this

offense? In other words, you believe you are guilty— DEFENDANT CARREAU: Yes, sir. COURT: —and that is why you are pleading guilty? DEFENDANT CARREAU: Yes, sir. COURT: Is there anything about the offense that isn't clear to you? DEFENDANT CARREAU: No. COURT: Uttering a forged instrument. Is the term—'uttering'—means passing. That's been explained to you, has it? DEFENDANT CARREAU: Yes, sir."

It is obvious that defendant was dissatisfied with the sentence imposed. The sentence, which was one-half of the maximum, was well within the limits of the statute. We determine that the plea of guilty herein was voluntarily and understandably entered by the defendant while he was represented by counsel, and to permit a defendant to withdraw his plea of guilty after sentencing under such circumstances would be a perversion of proper judicial procedure.

There is no merit to defendant's claim that he should have been permitted an evidentiary hearing. Where, as here, from the files and records in a post conviction action it is clear that the motion raises no issue as to the defendant's constitutional rights, the court may properly deny an evidentiary hearing.

In State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217, we said: "The Post Conviction Act specifically authorizes the trial court to examine the files and records and to determine whether or not a prisoner may be entitled to the relief he seeks. If the trial court finds from such examination that the proceeding is without foundation, an evidentiary hearing may properly be denied." See, also, State v. Ronzzo, 181 Neb. 16, 146 N. W. 2d 576.

The judgment of the district court is affirmed.

AFFIRMED.