STATE OF NEBRASKA, APPELLEE, v. FRED DABNEY, APPELLANT.

160 N. W. 2d 163

Filed June 21, 1968. No. 36896.

Fred Dabney, pro se.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the overruling of defendant's

motion to vacate and set aside his sentence, which was treated as a proceeding under the Post Conviction Act. State v. Dabney, 181 Neb. 263, 147 N. W. 2d 768, is a previous post conviction proceeding filed by the defendant, and involves some of the same issues now raised.

In the present proceeding defendant attempts to raise three issues: (1) Suppression of evidence by not calling two alleged eyewitnesses to the shooting who defendant alleges would have given testimony which would have tended to corroborate his testimony; (2) the loss of a knife found at the scene and placed in the evidence vault; and (3) a denial of a fair trial by reason of the amendment of the information at the close of the State's evidence to reduce the charge from first to second degree murder.

Issue (2) above was included in the previous proceedings, and is fully discussed in that case. Issue (3) suggests that defendant was denied a fair trial because the effect of the reduction of the charge during the trial was to prejudice the defendant in the eyes of the jury. Defendant does not allege other than in conclusional form as to how the amendment prejudiced his theory of defense. It would appear that a reduction in the charge should operate to the benefit of the defendant. A petitioner is required to allege facts which if proved would constitute an infringement of his constitutional rights. State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765.

In issue (1) above, defendant claims that he was deprived of a fair trial because the State suppressed the testimony of two girls, who were babysitting at a house a short distance from the scene of the shooting, by not calling them as witnesses. A review of the trial proceedings indicates that a young man, Thomas L. Terry, a boy friend of one of the girls, who was with them on that occasion, was called as a witness by the State. The name of this young man was endorsed on the information and was available to the defendant before the trial. The names of the girls were elicited from him in the State's

case. Even if defendant's conclusional statement had some merit, the State was under no obligation to call these witnesses. There is no merit to defendant's allegation of suppression of evidence.

Defendant is attempting to use these procedures to give him the appeal he failed to take from his conviction. A motion to set aside a judgment of conviction or a sentence cannot serve the purpose of an appeal to secure a review of the conviction. Our appellate review procedures are adequate and must be used if an appeal is desired. State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765.

If it might be inferred that defendant is attempting to secure a new trial on the grounds of newly discovered evidence, we observe that the existence of the alleged favorable witnesses was known to the defendant at the time of the trial and they should have been produced by the defense. In any event, there is an adequate procedure provided by our law to secure a new trial on the grounds of newly discovered evidence if one is entitled to it, and the Post Conviction Act cannot be used for that purpose.

For the reasons set out above, the judgment of the trial court is correct and is affirmed.

AFFIRMED.