STATE OF NEBRASKA, APPELLEE, V. BOBBY JOE WEILAND,
APPELLANT.

183 N. W. 2d 244

Filed January 22, 1971.  No. 37627.

Kerrigan, Line & Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This appeal involves the single issue as to whether defendant should have been granted a mistrial because of a reference to a polygraph test taken by a witness against the defendant.  We affirm.

The issue may be narrowed to the question, can a defendant on cross-examination secure a mistrial because he elicits a response which, while correct, may be prejudicial to him?

The testimony involved is as follows:  "Q- Did you handle that with the County Attorney's Office, discuss with the county attorney the filing of charges against Phyllis Croghan?  A- Yes.  Q- You recommended that, didnt (sic) you?  A- Yes.  Q- Have the charges been dismissed?  A- I have talked to the county attorney about it.  I don't have any knowledge of it being dismissed.  Q- As far as you know they are still pending?  A- As far as I know.  Q- Did you recommend to the

county attorney that they be dismissed? A- Yes. Q- When? A- Right after I had questioned Mr. Leffel and taken him on a polygraph. Q- That was when, in November? A- That was in December. Q- And did you follow up to see that the charges had been dismissed? A- I checked with the county attorney continuously." A second witness testified. "Q- Now you were sure enough about Phyllis Croghan so that charges were filed against her, weren't you? A- Yes sir. Q- When did you first say that you weren't sure about that? A- After the further examination or investigation pointed out that I was in error. Q- Who called that to your attention? A- I—Sergeant Petersen advised me of statements he had received and I also read some of the statements. Q- And when was that? A- Oh, approximately the early part of January or the later part of December. Q- And those statements of the man Leffel? A- Yes sir. Q- So the statements of this forger and burglar convinced you that you didn't see what you thought you saw at a prior period? A- The statements along with the polygraph tests he took convinced me."

No objections or motion to strike were made to the first reference above, and we find any objection thereto to have been waived. Defendant may not predicate error on the admission of evidence to which no objection is made at the time it is offered or adduced. State v. Snell, 177 Neb. 396, 128 N. W. 2d 823; State v. Homan, 180 Neb. 7, 141 N. W. 2d 30.

We have said many times that a party may not complain when he does not ask promptly for a mistrial but consents instead to proceed with the trial. Davis v. State, 171 Neb. 333, 106 N. W. 2d 490.

After the second reference defendant promptly moved for a mistrial, so the question posed above is pertinent. We would answer in the negative. It was elicited on cross-examination of a prosecution witness and is definitely responsive. It refers to a polygraph test of an accomplice and not the defendant. There is no sugges-

tion defendant did or did not take such test. Defense counsel was pushing the second witness to state exactly why he had changed his mind on testimony given on another occasion. In doing so, counsel was suggesting the lack of credibility of the witness and of the statement which induced the witness to change his mind. He must have known that the polygraph statement was an element which the witness considered in reaching the conclusion he did. The fact that a responsive answer elicited by the defense in cross-examining a prosecution witness is damaging to the defense is not ordinarily a proper ground for granting a mistrial. United States v. Apuzzo, 245 F. 2d 416.

We affirm the judgment.

AFFIRMED.