STATE OF NEBRASKA, APPELLEE, V. BOBBY JOE WEILAND,
APPELLANT.

198 N. W. 2d 327

Filed June 16, 1972. No. 38277.

Bobby Joe Weiland, pro se.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant appeals from the denial of an evidentiary hearing on his motion for post conviction relief. His original conviction and sentence were affirmed on direct appeal in State v. Weiland, 186 Neb. 325, 183 N. W. 2d 244.

The motion essentially asserts (1) that perjury was knowingly used to convict the defendant at the original trial; and (2) that testimony as to a polygraph test of an accomplice witness was improperly introduced. The second issue was considered and decided by this court in the direct appeal.

The factual issues involving the allegations of perjury rest entirely upon inferences drawn from the testimony

at the original trial, all of which was incorporated in the bill of exceptions. Essentially, defendant asserts that two police officers at a preliminary hearing identified one Phyllis Croghan as defendant's accomplice but at the time of trial, identified one Ronald Leffel instead. Leffel then testified for the State. Two fellow prisoners of Leffel testified that Leffel had told them that if he testified against the defendant, he had been assured that charges against him would be dropped. This testimony was directly contradicted. All of the testimony and the possible inferences to be drawn were fully exploited by competent counsel for the defendant in the original trial. The motion for post conviction relief alleges no facts nor grounds for relief which were not known to defendant and his counsel at the time of trial. The original bill of exceptions reflects the inescapable conclusion that the factual issues were heard and determined by the jury.

A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

Where the facts and issues which are the grounds of a motion for post conviction relief were known to the defendant and his counsel, and were raised, heard, and determined at the time of the trial resulting in his conviction but were not raised in his direct appeal, those issues will not ordinarily be considered in a post conviction review. State v. Lincoln, 186 Neb. 783, 186 N. W. 2d 490.

The judgment of the district court is affirmed.

AFFIRMED.