STATE OF NEBRASKA, APPELLEE, V. BOBBY JOE WEILAND,
APPELLANT.

206 N. W. 2d 336

Filed April 13, 1973. No. 38788.

Bobby Joe Weiland, pro se.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant appeals from the denial of an evidentiary hearing in this post conviction proceeding. We affirm.

Defendant's motion contained three grounds for release. Defendant concedes that the first two grounds had previously been heard and overruled. Defendant's third allegation was: "That the defendant was tried by surprise for a substantially and materially different criminal charge, than that which he was bound over to the district court for trial on, and which he went to trial prepared to defend against, in clear violation of his right to know the cause and nature of the accusation against him, and his right to due process of law. U. S. C. A. Const. Amends. 6 and 14. This change in the

prosecution theory between bind-over and trial involved the aforesaid change of co-defendants, from Phyllis Croghan to Ronald W. Lefel, and not only violated defendant's right to know the cause and nature of the accusation, but also deprived the district court of jurisdiction to try this cause."

Defendant was convicted in the District Court for Dodge county on a charge of breaking and entering. On March 6, 1970, he was sentenced as an habitual criminal to 12 years in the Nebraska Penal and Correctional Complex. He was represented by competent counsel at his trial, as well as on appeal to this court where the conviction was affirmed in State v. Weiland, 186 Neb. 325, 183 N. W. 2d 244 (1971). Thereafter in August of 1971, he filed a motion to vacate and set aside his conviction and sentence. This was overruled, and the ruling was again appealed to this court which affirmed the action of the trial court in State v. Weiland, 188 Neb. 626, 198 N. W. 2d 327 (1972).

The following from 188 Neb. 626, will amply demonstrate that defendant has had his day in court: "Essentially, defendant asserts that two police officers at a preliminary hearing identified one Phyllis Croghan as defendant's accomplice but at the time of trial, identified one Ronald Leffel instead. Leffel then testified for the State. Two fellow prisoners of Leffel testified that Leffel had told them that if he testified against the defendant, he had been assured that charges against him would be dropped. This testimony was directly contradicted. All of the testimony and the possible inferences to be drawn were fully exploited by competent counsel for the defendant in the original trial. The motion for post conviction relief alleges no facts nor grounds for relief which were not known to defendant and his counsel at the time of trial. The original bill of exceptions reflects the inescapable conclusion that the factual issues were heard and determined by the jury.

"A motion to vacate a judgment and sentence under

the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

"Where the facts and issues which are the grounds of a motion for post conviction relief were known to the defendant and his counsel, and were raised, heard, and determined at the time of the trial resulting in his conviction but were not raised in his direct appeal, those issues will not ordinarily be considered in a post conviction review. State v. Lincoln, 186 Neb. 783, 186 N. W. 2d 490."

There must be an end to litigation. A defendant will not be permitted to rephrase issues previously raised or raise new issues which could have been previously raised for the purpose of securing another review on appeal. Defendant raised no issue meriting an evidentiary hearing. The judgment of the District Court is affirmed.

AFFIRMED.