STATE OF NEBRASKA, APPELLEE, v. JAMES L. SANDERS, APPELLANT.

211 N. W. 2d 412

Filed October 19, 1973. No. 38833.

James L. Sanders, pro se.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant, James L. Sanders, was jury convicted and sentenced by the District Court for the crime of maliciously shooting with intent to kill, wound, or maim. § 28-410, R. S. Supp., 1972. The defendant, in a pro se brief, challenges the sufficiency of the evidence, the admissibility of the in-court identification of the defendant, and the adequacy of counsel. On appeal, we affirm the judgment and sentence of the District Court.

The defendant makes no consecutive, coherent analytical argument with relation to the sufficiency of the evidence. His argument consists of interspersing statements as to the credibility of the testimony in different areas of his brief. We have examined, out of consideration for the lack of the defendant's expertise in this area, all the evidence. A brief recital of the pertinent and undisputed testimony in this case demonstrates the absence of merit to this contention.

The evidence shows that on June 18, 1972, the defendant was ordered to leave a bar in Omaha, Nebraska, and that he was forcibly ejected. The defendant stated at the time, "I am going to get all of you."

The next day, June 19, 1972, an employee of the establishment, Robert Brown, who was present but did not participate in the ejection, went to work at the bar at 10:55 a.m. Brown was standing at the bar when the defendant approached and said, "I am going to get you." The defendant had a "shiny" object in his hand and at this same point a second man struck Brown across the shoulder with a club. Brown ran behind the bar and out the front door. As he did this he heard a "pop" and felt pain in his shoulder as he was running. He heard the defendant shouting, "I am going to get you, I am going to kill you." Brown ran into his home across the street and found that his shoulder was bleeding. He received medical care but the bullet was not removed and remained in Brown's shoulder at the time of the trial. Brown had known the defendant for about a year prior to this incident. A patron at the bar confirmed all Brown's testimony and specifically identified the defendant as the man who raised his gun and shot Brown. Another customer at the bar also corroborated, in many material respects, Brown's testimony. There is other testimony in the record but from what we have recited it is readily apparent that there was ample evidence in the record, mostly direct in nature, to sustain the jury's verdict of conviction. There is no merit to this contention.

The defendant asks us to examine the admissibility of the in-court identifications of the defendant by Brown and the patron. There are at least three answers to this contention. In the first place there was no objection to the introduction into evidence of the in-court identifications. Secondly, and more importantly, there is absolutely no evidence in this record which suggests in any manner that the independent eyewitness iden-

tifications at the scene of the crime were tainted in any manner under the doctrine of United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149; and Gilbert v. California, 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178. The record does not suggest nor is it even contended that any of the eyewitnesses, or any other witness, ever observed the defendant or was taken to a line-up for that purpose. Moreover, it is obvious from the brief recital of the evidence, and the familiarity of the witnesses with the defendant's appearance, that their identification was independently founded. The defendant's pro se argument is apparently founded upon an erroneous reading of Wade and Gilbert, *supra*, where, of course, the court was concerned with the admissibility of an in-court identification after a prior extrajudicial or "line-up" identification. There is no merit to this contention.

The defendant objects and assigns error in relation to the admissibility in evidence of exhibit 1, a pistol, that was found under the right front seat of the vehicle when he was arrested. The evidence is that the defendant was seated in the rear seat of a parked automobile the day following the shooting when a police officer spotted the car. The defendant at that time admitted ownership of the gun and the evidence is uncontradicted that the defendant consented to the search of the car and does not deny it in the course of his argument in his brief. Even if there were merit to this contention, it could not be presented to this court because there was no objection to the introduction of the gun into evidence. The failure to object promptly to an offer of evidence waives the objection. State v. Haynes, 186 Neb. 238, 182 N. W. 2d 199; State v. Weiland, 186 Neb. 325, 183 N. W. 2d 244.

The defendant argues generally error in giving all the instructions and contends they were weighted or slanted against him. Ignoring the inadequacy of these assignments of error and argument in this respect, we

have carefully examined all the instructions and the contention is wholly without merit. The instructions given are the standard instructions as to the applicable law and contain no intimation of prejudice or expression of opinion by the court as to guilt. On the contrary, the court specifically instructed the jury that it could not construe any statements, actions, or rulings of the court, nor any of the inflections of the voice in the reading of the instructions, as reflecting an opinion of the court as to how the case should be decided.

The defendant challenges the adequacy of his trial counsel. The record shows that he was represented by an experienced member of the staff of the public defender's office in Douglas County, Nebraska. His assertion that his counsel was ineffective is without support from the record. For example, he asserts that his counsel failed to ask any witness the number of cartridges which the pistol would hold. The evidence indicated that it held five cartridges at the time it was seized. The pistol was in evidence, and the jury could readily determine for itself the number of cartridges it would hold. The defendant complains that the defense counsel did not cause the prosecution to remove the bullet from the victim's shoulder for purposes of comparison with bullets from the defendant's weapon. No authority is cited, nor do we know of any, that would require the prosecution to have such an operation performed, or for the witness to submit to it. This contention is particularly illusory when it is apparent from the whole record that the truly damning evidence against the defendant was the unchallenged testimony of the victim and the other eyewitnesses. From an examination of this record it is apparent that the defendant was represented by a seasoned and mature defense attorney. He cross-examined the prosecution witnesses carefully as to their credibility and opportunity to see things that they testified to; objected to certain of the State's evidence; and presented a stipulation, from an

absent witness, to support the defendant's alibi. There is nothing in the record before us which would support a claim for ineffectiveness of counsel under State v. Goham, 187 Neb. 34, 187 N. W. 2d 305; and Hanger v. United States (8th Cir.), 428 F. 2d 746, which require that it must be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the court.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.