STATE OF NEBRASKA, APPELLEE, v. ROBERT FRANKLIN SPIDELL, APPELLANT.

218 N. W. 2d 431

Filed May 23, 1974.   No. 39378.

John F. Steinheider, for appellant.

Clarence A. H. Meyer, Attorney General and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

White, C. J.

In this post conviction case the defendant asserts that he was denied a speedy trial; that he was entitled to an evidentiary hearing on his petition for post conviction relief; and that he was erroneously sentenced under the indeterminate sentence statute. The District Court denied relief without holding an evidentiary hearing. We affirm the judgment of the District Court.

It is fundamental that in order to maintain an action under the Post Conviction Act the prisoner must allege facts which if proved would constitute an infringement of his constitutional rights. State v. Dabney, 183 Neb. 316, 160 N. W. 2d 163; State v. Bullard, 187 Neb. 334, 190 N. W. 2d 628. The defendant's conviction and sentence on the original offense was affirmed by this court in State v. Spidell, 190 Neb. 181, 206 N. W. 2d 848. The gist of the facts alleged by the petition for post conviction relief is that while the offense was committed on or about September 13, 1970, the defendant remained at large until shortly before his trial in September 1972. The information against him was filed on September 26, 1972, and the trial was held on September 29, 1972. From the conclusionary allegations of the defendant we gather that his contention is simply that he was denied his right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution, because he was not arrested and informed against prior to September 26, 1972. He was not arrested but remained at large until that time. No authority or cases are cited to support the contention that the right to a speedy trial embraces the period of time when the defendant is at large and has not been apprehended, arrested, indicted or informed against. The trial and final disposition of his case was within the express terms of our applicable state statute providing for a period of 6 months. § 29-1207, R. S. Supp., 1972. Under the United States Constitution, a defendant's right to a speedy trial begins when he is indicted or

informed against or arrested. United States v. Marion, 404 U. S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468; Barker v. Wingo, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101. And where the defendant's petition for relief and the files and the records demonstrate that the prisoner is entitled to no relief, the trial court, as here, may deny the defendant's request for an evidentiary hearing. State v. LaPlante, 185 Neb. 816, 179 N. W. 2d 110; State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

The defendant seeks to attack and invoke review of his indeterminate sentence of not less than 5 years or more than 10 years for the crime of forgery. The same issue was decided adversely to the defendant in his original appeal on the merits. State v. Spidell, *supra.* Sentences imposed within statutory limits furnish no basis for post conviction relief. State v. Birdwell, 188 Neb. 116, 195 N. W. 2d 502. A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for appeal or to secure further review of issues already litigated. State v. Weiland, 190 Neb. 111, 206 N. W. 2d 336; State v. Hizel, *supra.*

The contentions of the defendant are without merit. The judgment of the District Court denying post conviction relief is correct and is affirmed.

AFFIRMED.