STATE OF NEBRASKA, APPELLEE, V. LAWRENCE C. MILES,
APPELLANT.

274 N. W. 2d 153

Filed January 17, 1979. No. 42107.

John F. Steinheider, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and RIST, District Judge.

BRODKEY, J.

Defendant, Lawrence C. Miles, has appealed to this court from an order of the District Court for Otoe County, Nebraska, denying his motion filed pursuant to the Nebraska Post Conviction Act to vacate and set aside his conviction for the offense of burglary following his plea of guilty to that charge, and his subsequent sentence of 5 years imprisonment in the Nebraska Penal and Correctional Complex. Defendant was arrested and charged with that crime on April 19, 1977, and on that same day waived preliminary hearing and court-appointed counsel in the county court of Otoe County, and was bound over to District Court. He was arraigned on April 20, 1977, and pled guilty to the charge, following extensive and thorough questioning by the court. The defendant was not represented by counsel, either private or court-appointed, at his arraignment nor at his subsequent sentencing on May 6, 1977, although it is clear from the record that the court, as

will hereafter be made apparent, repeatedly informed him as to his right to counsel and inquired whether he wished a court-appointed attorney, which defendant refused. However, on May 6, 1977, immediately following defendant's sentencing, the court did appoint counsel for him.

Thereafter, defendant and his counsel appealed to this court in Case No. 41483, alleging that the trial court erred in not appointing counsel to represent defendant at all critical stages of the criminal proceedings, that defendant did not knowingly and intelligently waive his right to counsel, and did not knowingly and intelligently plead to the charges against him. Also included in his assignments of error was the claim that the court erred in not determining that defendant's intoxication was to such a degree that it could be a defense to the crime of burglary, and also that the sentence imposed upon the defendant was excessive. Thereafter, on November 17, 1977, this court sustained a motion for summary affirmance filed by the State of Nebraska pursuant to Rule 20-A(2) of the Revised Rules of the Supreme Court, 1977, because of defendant's failure to file a motion for new trial within 10 days after the verdict was rendered as required by section 29-2103, R. R. S. 1943.

On March 1, 1978, the defendant, acting pro se, filed his motion to vacate and set aside his conviction and sentence under the Nebraska Post Conviction Act, alleging that he was denied his right to counsel at critical stages of the proceedings against him, and that he did not knowingly and intelligently waive his right to counsel. On March 14, 1978, the District Court appointed the same counsel who represented defendant in his prior appeal to this court to represent defendant in the post conviction proceeding. On March 17, 1978, the court, after reciting that it had examined the record, denied an evidentiary hearing and scheduled the matter for argu-

ment to the court on April 7, 1978. On that date, counsel for both parties appeared and argued the motion to vacate the sentence, at which time the court received in evidence certain exhibits and the bill of exceptions, and took the matter under advisement. Thereafter, on April 11, 1978, the court entered an order overruling defendant's post conviction motion to vacate the sentence, and defendant thereafter perfected his appeal from that order to this court.

In his brief on appeal in this court, counsel for defendant alleges as assignment of error: "The District Court committed reversible error in denying the defendant's motion for post conviction relief and in failing to vacate and set aside the judgment of his conviction and sentence and grant him a new trial." Although it is readily apparent the above assignment of error is couched in very general terms, it is clear from a reading of defendant's brief that the specific matters about which he complains involve the failure of the trial court to grant an evidentiary hearing on defendant's motion to vacate his sentence; insufficient time elapsed between defendant's appearance in county court on April 19, 1977, and his arraignment in District Court on April 20, 1977, which defendant claims is in violation of Standard 1.3(b) of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (1968); defendant's arraignment was deficient in that he was not advised that as an indigent he had a right to counsel at no expense to himself; and his right to counsel was never adequately explained to or waived by him nor was his possible defense of intoxication adequately pursued by the court. In his brief defendant argues: "This record does not show a man who was aware of the right to court appointed counsel. This record does not show a man aware of possible defense to a given crime. This record shows a man deprived of

a very basic Constitutional and statutory right, that of right to counsel, even if indigent." However, defendant also states in his brief: "The court at arraignment, took some pains to completely and thoroughly explain all of the defendant's rights to him, except the right to counsel and court appointed counsel if it were determined he were an indigent." The law is well established in this state that a court may properly deny an evidentiary hearing upon a motion to vacate a conviction filed under section 29-3001, R. R. S. 1943, upon a determination after an examination of the files and records of the case that the petitioner is entitled to no relief. State v. Fincher, 189 Neb. 746, 204 N. W. 2d 927 (1973); State v. LaPlante, 185 Neb. 816, 179 N. W. 2d 110 (1970); State v. Pilgrim, 184 Neb. 457, 168 N. W. 2d 368 (1969). The record is clear that the trial court, before denying an evidentiary hearing, did examine the records of the case, and had before it the verbatim record of defendant's arraignment and sentencing. Whether the trial court was correct in denying the defendant an evidentiary hearing on his motion clearly turns upon the validity of defendant's plea of guilty to the charge of robbery, and the sufficiency of the arraignment of the defendant. As previously stated, defendant concedes that the court at the arraignment took pains to completely and thoroughly explain all the defendant's rights to him, "except the right to counsel and court appointed counsel if it were determined that he were an indigent."

We have before us the official record of the arraignment of the defendant, and rather than paraphrase the contents of that arraignment, we deem it advisable to set forth herein, verbatim, the response to those questions, particularly with reference to defendant's right to and offer of appointment of counsel: *"EXAMINATION BY THE COURT:* Q- Now Mr. Miles, there's been an information filed here this morning which charges you with the criminal

offense of burglary. Are you familiar with that? A- Yes, your Honor, I am. Q- Now the other matters in the file indicate that a complaint was filed in the county court on the 19th day of April, so that would have been yesterday. The complaint was filed there and the record indicates that you waived your right to have an attorney represent you and to a preliminary hearing. Is this correct as to what happened in that court? A- Yes, it is, your Honor. * * * Q- And what I want to get to here, do you understand that you have the right to have an attorney represent you not only in this proceeding, but at all stages of the proceeding? A- Yes, sir, I understand that. Q- Can you procure an attorney through your own means? A- No. Sir. Q- Would you like to have a court-appointed attorney? A- No, sir, I wouldn't. * * * Q- Well I doubt that even an attorney would come into court where he's charged with a felony and waive his rights to counsel. Now I want you to fully understand that this is a serious matter. A- Yes, sir, I understand. Q- And although you can waive your rights, it's --- A- That's what I'd like to do. Q- It's certainly not something that I would like to advise. A- Well I'd just like to waive it and get it over with if I could. * * * Q- And is it your desire to waive all of these rights we have been discussing and you do so freely and voluntarily? A- Yes, sir, it is. Q- You don't feel that you want to talk to an attorney in this matter? A- No, sir. Q- I'll be glad to see that you have an opportunity to do so. A- No, sir, I just put myself on the mercy of the Court. * * * Q- Well I'm sure that if you had talked to any attorney about this, that he would immediately question whether you had — whether you were sufficiently intoxicated to be able to form a required intent to commit this crime. A- Yes, sir. I knew what I was doing. I just drank enough that I didn't care really. I just want to get it over with. * * * Q- Well I would feel that from

what you've told me that there is a factual basis for the filing of the information here and for the entry of your plea. And I would like you to be fully aware of course that you may have a defense to this. But you say that you knew what you were doing? A- I don't think I'd have a defense at all because I knew what I was doing. Q- You still want to plead guilty; is that correct? A- Yes, sir, that's right. Q- All right. The Court at this time will accept your plea and you will stand convicted in this court of the offense of burglary. I will further make findings at this time that you understand your rights and you freely and voluntarily waive them, that you are acting voluntarily and that you understand the consequences of this plea and the plea is made intelligently, voluntarily and knowingly. Do you have any reason to disagree with any of those findings? A- No, sir, I don't. Q- And you don't want an attorney at this stage? A- No, sir."

It seems clear from the above record that the court did everything in its power, short of actually insisting, to see that the defendant was represented by counsel, and that the court was willing to appoint counsel for him. Nevertheless, defendant argues that, as an indigent, he should have been informed that he had the right to counsel "at no expense to himself." This claim was made and rejected by the court in State v. Brevet, 180 Neb. 616, 144 N. W. 2d 210 (1966). Defendant concedes that the court did ask him: "Can you procure an attorney through your own means," and: "Would you like to have a court appointed attorney." Although not explicitly so stating, the inference is clear from the above two questions that if the court appointed an attorney it would be at no expense to the defendant. Moreover the record is clear that the defendant was no stranger to criminal proceedings. This was made abundantly clear by the comments of the judge when he sentenced the defendant on May 6, 1977:

"The record that's presented to me is almost in reams in so far as your previous conduct is concerned, Mr. Miles. This indicates that you were confined in the Kansas State Penitentiary for five to ten years for second degree burglary and larceny, this was in 1968. 1966, one to three years sentence for the offense of a felonious assault with intent to do great bodily injury, and this was in the Nebraska Penal and Correctional Complex. You served a period of time in the Colorado State Penitentiary in 1964, three to four years sentence for the offense of larceny. And in 1958, five years sentence for the offense of giving a check with intent to defraud mortgage property. Parole violation followed by four years for sodomy and fondling a minor child. 1950, two years in Louisiana Penitentiary for two concurrent thefts of equipment and power saws. And 1950 subsequently that same place of confinement, you were sentenced to an additional six months for simple escape. 1945, conviction in the armed forces, sentenced to three years in military custody. And I have more information here of a more recent period. I believe you were just released last summer from the Nebraska Penal and Correctional Complex; is that so? MR. MILES: Yes, sir, July 22nd. THE COURT: It shows 5/6/74, breaking and entering two to four years, Lincoln, Nebraska. * * *." The 1974 conviction, last mentioned, was appealed to this court in State v. Miles, 194 Neb. 128, 230 N. W. 2d 227 (1975), case No. 39941. We take judicial notice of the records of this court and an examination of the transcript in case No. 39941 reveals that the defendant had not only one, but two court-appointed counsel at various times, and that on December 23, 1974, the defendant in that case, Lawrence Miles, acting pro se, filed a motion for counsel as follows: "Comes now the above named defendant, Lawrence Miles, hereby moves this court for appointment of counsel on appeal to the Nebraska Supreme Court, pursuant to

Nebraska Statute 29-3004, and that compensation be fixed as provided in Nebraska Statute 29-1803.03." The foregoing motion was accompanied by an affidavit of poverty signed by Lawrence Miles in which he states upon oath that he is the defendant in the motion to vacate and that due to his poverty he is unable to retain legal counsel or pay the costs of the proceedings. The above record clearly belies defendant's contention that he did not know that he could obtain court-appointed counsel at no expense to himself.

We now comment briefly on other matters raised by defendant in his brief on appeal. Defendant contends that he should not have been permitted to plead guilty at this arraignment, which was the day following his arrest and waiver in county court. He cites in support thereof section 1.3(b) of the American Bar Association Standards Relating to Pleas of Guilty, which provides that a defendant without counsel should not be called upon to plead to a serious offense until a reasonable time, set by rule or statute, following the date he was held to answer. We note first of all that no issue to that effect was raised in his motion to vacate sentence, his only complaint being that counsel was not appointed for him. Secondly, the only statute in this state, with reference to the lapse of any time before defendant is called upon to plead, is section 29-1802, R. R. S. 1943, which requires that a copy of the information be served upon the accused at least 1 day before the arraignment. Defendant was advised of his right and waived it, which is frequently done by defendants in this state. Finally, and most important, section 29-3001, R. R. S. 1943, of the Nebraska Post Conviction Act, provides for post conviction relief only when the judgment is void or voidable under the state or federal Constitution. See State v. Miles, *supra*. Although it is true that we have adopted the American Bar Association Standards Relating to

Pleas of Guilty in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971), and have stated that those standards should be the minimum procedure in the taking of such pleas, we have never stated that those standards, particularly section 1.3(b) with reference to a delay in pleading, involve constitutional rights. Even assuming, without deciding, that it involved a constitutional right of equal dimension with the right to representation by counsel, or the right to trial by jury, or the right against self-incrimination, or the right of confrontation of adverse witnesses — all of which it is clear may be knowingly and intelligently waived — we hold such right would be subject to voluntary waiver. In this case defendant was informed that he was entitled to have the information served upon him at least 24 hours before arraignment, and he waived that right.

In reference to defendant's contention with regard to the possible defense of intoxication, the court brought this to the attention of the defendant at the arraignment clearly and unmistakably, and pointed out that an attorney might raise the question of whether he had the necessary intent to commit the crime. The defendant replied he had known what he was doing, that he had just drunk enough he really didn't care and he did not want to consult an attorney. A review of the record in this case clearly reveals that no error of constitutional dimensions warranting the setting aside of defendant's conviction and sentence occurred, and the order denying defendant's motion for post conviction relief must be affirmed.

AFFIRMED.