STATE OF NEBRASKA, APPELLEE, V. RICHARD D. HOLTAN, APPELLANT.

287 N. W. 2d 671

Filed January 15, 1980. No. 42452.

J. William Gallup, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

This is the second appearance of this case before this court. In the first case, State v. Holtan, 197 Neb. 544, 250 N. W. 2d 876, we affirmed the judgment of the District Court which found the defendant guilty of first degree murder in the perpetration of a robbery and with shooting with intent to kill, wound, or maim. The defendant had entered a plea of nolo contendere to both counts and was sentenced to death on the first count, and to serve 15 to 45 years on the second count. Defendant now appeals from a denial of a motion which sought post conviction relief under the provisions of the Post Conviction Act, section 29-3001 et seq., R. R. S. 1943.

By amended motion to vacate, the defendant maintains that his conviction was invalid for a num-

ber of reasons which are more particularly set out in the amended motion to vacate. They may, however, be grouped together and will be so discussed herein. They fall into the following general categories: (1) The inadequacy of trial counsel; (2) the failure of the trial court on its own motion to order a psychiatric examination of the defendant prior to accepting the plea to first degree murder; (3) the imposition of the death penalty violates the constitutional rights of the defendant as more particularly set out in various paragraphs of the motion to vacate; (4) Nebraska's death penalty statute is unconstitutional because it does not permit the trial court to consider all mitigating factors concerning the character of the defendant; and (5) the provisions of L.B. 711, Laws 1978, enacted after the imposition of sentence in this case, should be now applied, thereby entitling defendant to be sentenced to life imprisonment.

Taking defendant's claim concerning L.B. 711 first, we can dispose of that quickly. L.B. 711, Laws 1978, was not enacted until after the sentence in this case had been imposed and became final. Having become a final judgment prior to the effective date of L.B. 711, it is not affected by the adoption of L.B. 711. No capital case in which a final sentence was imposed prior to the effective date of L.B. 711, Laws 1978, is subject to the provisions of the act and will not be reviewed in light of the act. Moreover, in State v. Holtan, *supra,* we specifically reviewed the aggravating and mitigating circumstances in the instant case and concluded that a careful review of the record revealed that the three-judge sentencing panel gave careful consideration to all aggravating and mitigating factors pertaining to the offense and correctly concluded that the aggravating factors considerably outweighed the mitigating factors. We determined that the sentence imposed could not be held to be improper or excessive under the law. We, therefore, reject defendant's contention that the

imposition of the death penalty in this case is either unjustified or improper.

With regard to the defendant's several claims concerning the constitutionality of the Nebraska death penalty, we note that the defendant, in his direct appeal to this court, challenged the constitutionality of Nebraska laws pertaining to the death penalty. As noted in the defendant's direct appeal, questions regarding constitutionality have been dealt with by this court in State v. Rust, 197 Neb. 528, 250 N. W. 2d 867, and again in State v. Stewart, 197 Neb. 497, 250 N. W. 2d 849. Furthermore, we have frequently held that a motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. State v. Weiland, 190 Neb. 111, 206 N. W. 2d 336; State v. LaPlante, 185 Neb. 816, 179 N. W. 2d 110; State v. Weiland, 188 Neb. 626, 198 N. W. 2d 327. Defendant's contention in that regard is without merit.

Defendant further maintains that the trial court erred in not considering as a mitigating factor that the defendant had sought to save the life of an inmate while in jail. The record does not reflect the fact that the court did not consider that issue. The court did receive additional evidence consisting of an exhibit and testimony of a deputy sheriff concerning the incident. The court concluded that the fact was not a mitigating circumstance within the specific provisions of the statutes. With that conclusion we do not disagree. The defendant's argument concerning the statute, section 29-2523, R. R. S. 1943, however, is apparently based upon the decision of the United States Supreme Court in the cases of Lockett v. Ohio, 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. 2d 973, and Bell v. Ohio, 438 U. S. 637, 98 S. Ct. 2977, 57 L. Ed. 2d 1010. Defendant claims that section 29-2523 is in violation of the United States Constitution in that it does not permit the court to consider all

matters relevant to mitigation as required by both the Lockett and Bell decisions. In this respect, we believe the defendant reads the statute incorrectly. The statute, section 29-2523, sets out specific aggravating and mitigating circumstances. The trial court was correct in concluding that the matter concerning the aiding of the prisoner did not specifically fall within one of the mitigating circumstances. Nevertheless, section 29-2521, R. R. S. 1943, specifically provides that in the proceeding for determination of sentence, evidence may be presented as to any matter that the court deems relevant to sentence. The statute further provides, "Any such evidence which the court deems to have probative value may be received." All the sections must be read together. In this case the evidence sought to be introduced by the defendant was received. The court did consider the evidence even though it was not a mitigating circumstance within the meaning of the statute. It concluded that the offered fact was not of such weight as to cause the court to refrain from imposing the death sentence.

The United States Supreme Court in Lockett v. Ohio, *supra,* said: "[W]e conclude that the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be *precluded* from considering as a mitigating factor, any aspect of the defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." (Emphasis supplied.) Nothing in our statute precludes the court from considering *all* aspects of the defendant's character. To the extent there may be any question we now hold that the trial court shall, in addition to considering the aggravating and mitigating circumstances set forth in section 29-2523, R. R. S. 1943, likewise consider any matter relevant to the imposition of the sentence and receive any such evidence which the court deems to

have probative value as to the character of the defendant and shall consider them as a mitigating factor though not specifically a mitigating *circumstance* as set forth in section 29-2523. Our review of the record satisfies us that indeed the trial court did consider all the evidence, including the fact that the defendant had aided in saving the life of an inmate. Defendant's claim of error, as it pertains to the statute in question, is without merit.

Defendant further maintains that the conviction may not stand because of inadequacy of counsel. Defendant's counsel was appointed by the court and was a member of the Douglas County Public Defender's office. A reading of the record discloses that defendant's claim of inadequacy of counsel is totally without support. We have recently said with regard to determining adequacy of counsel: " 'Our present test would be that trial counsel perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area, and that he conscientiously protect the interests of his client.' " State v. Lang, 202 Neb. 9, 272 N. W. 2d 775. Likewise, we have said that where one maintains that counsel was inadequate one must likewise show how or in what manner the alleged inadequacy prejudiced the defendant. See State v. Lang, *supra.*

Defendant maintains that inadequacy of counsel is displayed in a series of ways, one of which was that counsel did not sufficiently consult with the defendant. The record in that regard is totally in conflict. The defendant maintains he saw counsel only five or six times. Counsel, on the other hand, maintains he saw the defendant at least once a week. In either event, defendant does not in any manner show us how, had counsel discussed the matter with defendant any more than he did, anything different would have occurred. The adequacy of counsel cannot be determined solely on the basis of the amount of time he spent interviewing his client. See Kress v. Unit-

ed States, 411 F. 2d 16 (8th Cir., 1969). There simply is no evidence to support that claim or to show how or in what manner defendant was prejudiced.

Defendant further maintains that counsel failed to adequately investigate his case and to advise defendant of the facts. It appears there was some evidence to indicate that one of the two surviving victims had difficulty in identifying the defendant. The record, however, conclusively establishes that the other surviving victim fully, accurately, and completely identified the defendant and could identify the defendant at time of trial without difficulty or hesitation. Defendant maintains that had he known there was a discrepancy between the parties as to his identification, he would not have entered a plea of no contest and would have hoped that the jury would have found him not guilty by reason of the conflict in identification. There is simply no basis to that claim.

The record discloses that court-appointed counsel was of the opinion that if the defendant went to trial and the two surviving victims were called to testify, notwithstanding any minor conflict in identification, the evidence of the nature of the crime would be so overwhelming that the imposition of the death penalty would be a certainty. Hindsight, of course, discloses that entering a plea of no contest did not save the defendant from the maximum penalty. Nevertheless, the record simply does not justify a claim that the defendant was not aware of sufficient facts upon which he could make an intelligent decision with regard to entering a plea. "[I]f competent counsel, after investigation, considers a point worthless, the fact that he is court-appointed does not require him to pursue it. * * * the right to counsel * * * does not include the right to counsel, whether at counsel's expense or government expense, to advance a totally frivolous claim merely because some layman thinks it has merit. One reason a defendant

is given a lawyer is because he is legally ignorant.''
White v. Hancock, 355 F. 2d 262, (1st Cir., 1966).

Defendant further maintains that counsel was inadequate in that he did not adequately pursue a defense of insanity. The record, however, discloses that counsel not only had the defendant examined by a prominent local psychiatrist but further consulted with psychiatrists in the state of Washington who were familiar with the defendant's condition. That investigation disclosed that while there was evidence of defendant's mental condition, it was not of the type to satisfy the M'Naghten rule followed in this jurisdiction. Even the testimony produced by defendant at the post conviction hearing did not establish grounds upon which the M'Naghten rule could be pursued as a defense. The failure of trial counsel to pursue that defense was not inadequate.

Finally, the defendant maintains that counsel was inadequate in that he did not subpoena witnesses from the state of Washington who would have testified as to his good character. The record, however, fails to disclose what, if anything, the witnesses would have testified to had they been called. What they might have testified to at best was the defendant's hope and wish. In the absence of evidence to disclose what the witnesses would have testified to, we are unable to establish any prejudice and therefore unable to establish any error.

A full reading of the record discloses that the defendant simply did not have much upon which to base his defense and his counsel, likewise, did not have much with which to work. The record further discloses that before the defendant was permitted to enter a plea, the trial court conducted a textbook-perfect interrogation of the defendant and likewise repeated that interrogation before imposing sentence. Had there been any significant error or inadequacy as suggested by the defendant, the trial court afforded the defendant every opportunity to

call that to its attention. The defendant chose not to do so. The defendant would seem to argue that having chosen a specific trial tactic and having failed with that tactic he was inadequately represented. It was a calculated decision which the defendant intelligently took. It simply did not work as he had hoped it would. That does not create inadequate counsel.

The final point raised by defendant is that he was denied due process because of the trial court's decision not to order a competency hearing on its own motion. While the record discloses that the defendant may very well be suffering from a form of amnesia brought about by his unconscious desire to block out the crime, there is no evidence in the record to suggest that at the time he entered a plea he was not competent and did not understand what was taking place or that he was in fact entering a plea. Having already disposed of the defense of insanity, the mere fact that the defendant maintains he does not recall committing the crime but with full faculty enters a plea does not impose upon the trial court an obligation or duty to require a competency hearing. The defendant has produced no evidence to disclose that at the time he entered his plea he was not competent to do so. The issue is not whether or not he remembers the commission of the crime, but rather whether he is competent to enter a plea. In that regard, the record clearly establishes that he was so competent. We find that this claim made by defendant is likewise without merit.

For all the reasons set out herein, we find that the defendant has failed to establish any basis for post conviction relief and affirm the judgment of the trial court which denied the defendant any such relief.

AFFIRMED.

KRIVOSHA, C. J., dissents.

CLINTON, J., concurs in result.