STATE OF NEBRASKA, APPELLEE, V.
TONY PANKEY, APPELLANT.

303 N.W.2d 305

Filed March 20, 1981. No. 43597.

Bruce G. Mason of Ross & Mason for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Tony Pankey (Pankey), appeals from an order entered by the District Court for Douglas County, Nebraska, denying Pankey's request for post conviction relief. We affirm.

This is the second appearance for this case. Originally this case was before us by reason of Pankey appealing his having been convicted by a jury of three counts of first degree sexual assault and one count of kidnapping. For the specific details of the case, see State v. Pankey, 202 Neb. 595, 276 N.W.2d 233 (1979).

Pankey now maintains that he is entitled to post conviction relief due to inadequate counsel. In particular, he maintains that his trial counsel inadequately represented him in that the trial counsel failed

to take the deposition of the two prosecutrixes prior to trial. The difficulty with the argument is that Pankey does not provide us with any evidence as to what the prosecutrixes would have testified to had their depositions been taken that would, in any manner, have been of benefit to Pankey and would have established how or in what manner he was denied adequate counsel. We have previously held that error or prejudice allegedly resulting from the ineffective assistance of counsel cannot be established where witnesses were not called, absent a showing in the record of the beneficial nature of such witnesses' testimony. See *State v. Holtan*, 205 Neb. 314, 287 N.W.2d 671 (1980). In a post conviction proceeding the burden of proof is on the movant to establish a basis for relief, and where such burden is not met a denial of that requested relief is required. *State v. Auger & Uitts*, 200 Neb. 53, 262 N.W.2d 187 (1978); *State v. Bartlett*, 199 Neb. 471, 259 N.W.2d 917 (1977). Where one maintains that counsel was inadequate, one must show how or in what manner the alleged inadequacy prejudiced him. *State v. Colgrove*, 207 Neb. 496, 299 N.W.2d 753 (1980); *State v. Harlan*, 205 Neb. 676, 289 N.W.2d 531 (1980). The record in this case discloses that there was more than sufficient evidence upon which the jury could determine, as it did, that the attacks were without consent and in violation of law. Absent any showing by Pankey as to what the testimony of the prosecutrixes would have been had their depositions been taken and how that testimony would have affected the outcome of the trial or established that Pankey was inadequately represented, he has simply failed to meet his burden. The judgment of the trial court must, therefore, be affirmed.

AFFIRMED.