STATE OF NEBRASKA, APPELLEE, V. DAVID W. LANDERS, APPELLANT.
321 N.W.2d 418

Filed June 25, 1982. No. 81-878.

David W. Landers, pro se.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The appellant, David W. Landers (Landers), appeals from an order entered by the District Court for Douglas County, Nebraska, denying Landers' request for post conviction relief pursuant to the provisions of Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1979). We affirm.

Landers was initially charged in a three-count information. Count I charged him with robbery, count II charged him with use of a firearm in the commission of a felony, and count III charged him with shooting with intent to kill, wound, or maim. Following a trial, the jury found him guilty of all three counts and the trial court sentenced him on count I to imprisonment for a period of not less than 15 nor more than 50 years, on count II to imprisonment for a term of not less than 3 nor more than 10 years, the sentence to run consecutive to the sentence in count I, and on count III to a term of imprisonment of not less than 15 nor more than 50 years, said sentence to run concurrently with the sentence in count I.

Landers did not file a direct appeal, but did thereafter file a petition for post conviction relief, maintaining, in essence, that he had received ineffective assistance of counsel. In particular, he maintained that his counsel failed to pursue a defense of not guilty by reason of insanity. The trial court held such an evidentiary hearing in the post conviction action as desired by Landers and, following the evi-

dentiary hearing, found that Landers had failed to show any ineffective assistance of counsel and that "the evidence at the trial and at the hearing on [the application for post conviction relief] clearly convinces this Court that there was no evidence available to defense counsel or readily discoverable by defense counsel that would justify defending on the grounds of insanity, which is the primary claim of the defendant." Accordingly, the trial court dismissed the petition for post conviction relief.

The history of post conviction relief in this state has now made it amply clear that one is not entitled to post conviction relief merely on his own bald assertions or because he believes that he did not enjoy a perfect trial. We have frequently held that in a post conviction relief proceeding the burden of proof is upon the movant to establish a basis for the relief, and where such a burden is not met a denial of that requested relief is required. See, *State v. Holloman,* 209 Neb. 828, 311 N.W.2d 914 (1981); *State v. Pankey,* 208 Neb. 377, 303 N.W.2d 305 (1981). Furthermore, we have frequently held in post conviction relief cases that the person challenging the competency of counsel has the burden of proof to establish the counsel's incompetence. See *State v. Kelly,* 190 Neb. 41, 205 N.W.2d 646 (1973). And, finally, we have said where one maintains that counsel was inadequate, one must likewise show how or in what manner the alleged inadequacy prejudiced one. See, *State v. Colgrove,* 207 Neb. 496, 299 N.W.2d 753 (1980); *State v. Harlan,* 205 Neb. 676, 289 N.W.2d 531 (1980); *State v. Holtan,* 205 Neb. 314, 287 N.W.2d 671 (1980). The record in this case, such as it is, fails to disclose how trial counsel failed to act in a reasonably competent manner in regard to the insanity defense. Landers presented no evidence in the post conviction hearing that any such insanity defense existed or how the failure to introduce such a defense at the trial on the merits prejudiced him. The depositions of both his

court-appointed counsel and a psychiatrist employed to examine Landers before trial, introduced at the post conviction hearing, amply disclose that trial counsel made reasonable efforts to obtain evidence concerning Landers' criminal insanity but that no such evidence existed.

In *State v. Holtan, supra* at 321, 287 N.W.2d at 676, we said: "[T]he defendant maintains that counsel was inadequate in that he did not subpoena witnesses from the state of Washington who would have testified as to his good character. The record, however, fails to disclose what, if anything, the witnesses would have testified to had they been called. What they might have testified to at best was the defendant's hope and wish. In the absence of evidence to disclose what the witnesses would have testified to, we are unable to establish any prejudice and therefore unable to establish any error." Likewise, in *State v. Kelly, supra,* where the defendant claimed that his attorney had failed to interview and obtain witnesses to establish a defense based on consent, we said at 44, 205 N.W.2d at 648: "The defendant utterly failed to establish this allegation. None of the four witnesses identified by him as supporting this defense were called to testify at this hearing nor was their failure to be called as witnesses explained. There was an utter lack of corroboration of the allegation and contention that neither force nor nonconsent were involved in his admitted sexual act with the prosecutrix."

In the instant case Landers presented no evidence that any psychiatrist would have testified that he was legally insane at the time the crime was committed. Having therefore failed to meet his burden, the trial court had no other alternative but to dismiss the petition. The judgment of the trial court is affirmed.

AFFIRMED.