STATE OF NEBRASKA, APPELLEE, v. DARWIN JAY ROBINSON, APPELLANT.

339 N.W.2d 76

Filed October 7, 1983. No. 83-249.

Darwin Jay Robinson, pro se.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

In this appeal the defendant-appellant, Darwin Jay Robinson, seeks reversal of the District Court's order denying post conviction relief. We affirm.

Defendant's entire motion for post conviction relief reads as follows:

"COMES NOW the petitioner and in pro se, pursuant to Nebraska Revised Statue [sic] Section 29§3001-3004 (Revised Reissue 1979) of the Uniform

Post-Conviction Act, and shows that he is the petitioner in the above-entitled case herein, that he is a citizen of the State of Nebraska. That there was such a denial or infringement of the rights of the petitioner as to render the judgement void or voidable under the Constitution of this State or the Constitution of the United States. That he is in the custody of the Nebraska State Penitentiary in Lincoln, Nebraska, 68502-0500, from a judgement of conviction in the Douglas County District Court, and that said judgement of conviction is the subject of this cause of action.

"Wherefore, the petitioner moves this Court, pursuant to the Nebraska Statue [sic], 29§3001-3004 (Reissue 1979), and order that a hearing be held on the matter in this said Motion for Post-Conviction Relief and that it set aside the sentence and judgement rendered."

It is obvious that the motion does not meet the requirements of Neb. Rev. Stat. § 29-3001 (Reissue 1979) that a "verified motion . . . stating the grounds relied upon" be filed.

Not only is the motion not verified, it sets forth no facts which, if proved, would entitle defendant to relief. Defendant pleads only the conclusion that there was a denial of federal and state constitutional rights.

We have recently reiterated the rule that in order to state a cause of action for post conviction relief, the motion must allege facts which, if proved, constitute an infringement of the prisoner's constitutional rights; allegations which are mere conclusions are insufficient. *State v. Glasenapp*, 212 Neb. 99, 321 N.W.2d 450 (1982).

No hearing was required. However, it appears, from the lower court's order directing the sheriff to bring the defendant before the court, that a hearing was nonetheless had.

The transcript contains two praecipes, each directed to the clerk of the trial court. One praecipe

reads: "Request is made for direction to the official stenographic reporter, Lois Thompson, for a complete Bill of Exceptions in the above entitled cause, same to contain all evidence offered and received, for purpose of a reviw [sic] of the conviction and sentence and Post Conviction order in said cause by the Supreme Court of the State of Nebraska."

The other praecipe states: "Please make Transcript of record in above entitled case for Supreme Court, and include therein:

"1. Trial Bill of Exceptions of October 6, 1981, and November 2, 1981.

"2. Post Conviction records of March 24, 1983, (including all motions and docket entries, and Bill of Exception as well as exhibits).

"3. Docket entries of March 2, 1983, (including the findings of facts and law by the trial court).

"4. All exhibits offered and received on March 24th, 1983."

The record does not reflect whether defendant complied with the provisions of Neb. Ct. R. 5A(1) (Rev. 1982), which requires in part that the appellant "file a request to prepare a bill of exceptions in the office of the clerk of the District Court at the same time the notice of appeal is filed. At the same time, appellant shall deliver a copy of the request to the court reporter."

In any event, no bill of exceptions has been filed with this court concerning whatever evidentiary proceedings have been had on defendant's motion.

Defendant's assignments of error claim the trial court erred in refusing to suppress evidence which was allegedly illegally obtained, and erred in refusing to suppress both in- and out-of-court identification testimony. Even if we were to assume, but not decide, that such errors could not have been asserted in defendant's direct appeal (case No. 82-028, wherein said appeal was determined to be wholly frivolous and the judgment of the trial court af-

firmed), it is clear they cannot be reviewed in the absence of an evidentiary record.

It has long been the rule in this jurisdiction that any assignment of error which requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions; the only question presented under such circumstances is the sufficiency of the pleadings to sustain the judgment of the trial court. *State v. Jacobsen,* 194 Neb. 105, 230 N.W.2d 219 (1975). See, also, *Snyder v. Nelson,* 213 Neb. 605, 331 N.W.2d 252 (1983); Neb. Ct. R. 5A(1) (Rev. 1982).

The trial court's ruling states only the following: "Motion of defendant for post conviction relief is denied. Mandate received from Supreme Court affirming conviction. Costs taxed to Douglas County."

If the trial court denied relief on the grounds the motion stated no facts upon which relief might be granted, it was correct.

If the court did in fact take evidence and conclude, as would be inherent in its ruling, that the evidence did not support defendant's conclusions, we are in no position to review the determination. In either event, the appeal must be dismissed.

APPEAL DISMISSED.