STATE OF NEBRASKA, APPELLEE, V. DARWIN JAY ROBINSON, SR., APPELLANT.

352 N.W.2d 879

Filed July 27, 1984.    No. 84-010.

Darwin Jay Robinson, Sr., pro se.

Paul L. Douglas, Attorney General, and Calvin D. Hansen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Darwin Jay Robinson, Sr., appeals from a judgment entered by the district court for Douglas County, Nebraska, denying to Robinson relief pursuant to the Nebraska Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). Robinson maintains that the trial court erred in failing to find he had ineffective assistance of counsel at a pretrial suppression hearing and again on appeal to this court. We believe that both contentions are wholly without merit, and for that reason the judgment of the trial court is affirmed.

The facts which give rise to all of this litigation disclose that in the early morning hours of January 31, 1981, a convenience store attendant, Marvin Pfeifer, was robbed at knife point. Just as the robber was leaving, another attendant, Michael Klaumann, came on duty and passed by the robber. As Klaumann entered the store, Pfeifer told him that he had been robbed. Klaumann returned to the street, got into his automobile, and followed a white Buick, as it was the only other car on the street at that time. The driver resembled the individual who passed by Klaumann when Klaumann was entering the store. Klaumann obtained the license number, followed the car to an apartment building, and gave this information to the police.

The authorities then went to the location provided by Klaumann and towed the automobile away. Shortly thereafter, a woman representing herself to be Robinson's wife reported to the police that their car had been stolen or towed away. Investigating officers arrived at Robinson's apartment and spoke with the woman who said she called the police and who held herself out to be Robinson's wife. It later developed that, in fact, the individual was not Robinson's wife but, rather, a Miss Edna Lyncook, who had been instructed by Robinson to represent

herself to the police as Robinson's wife. The real Mrs. Robinson was hiding in a bedroom of the apartment when the police arrived.

One of the investigating officers asked Miss Lyncook, who was then representing herself to be Mrs. Robinson, whether he could have a photograph of Mr. Robinson. There is a dispute as to whether Miss Lyncook consented, but at the suppression hearing the trial court resolved that fact in favor of the State. The officer then left the location and returned to the convenience store, where he showed a photograph of Robinson to the attendants. Klaumann immediately identified the photograph as being a picture of the robber.

In the meantime, and while the officer was at the convenience store, Miss Lyncook admitted to the officers that in fact she was not Mrs. Robinson and that Robinson was upstairs in her apartment. The officers went upstairs to the Lyncook apartment and arrested Robinson.

After his arrest Robinson was taken downstairs to his apartment to get a coat. At this point the real Mrs. Robinson was located and advised of her husband's arrest, and was requested by the officers to grant them consent to search the apartment for certain items believed to have been worn by Robinson at the time of the robbery. She consented to the search, and a blue jacket similar to the type described by Klaumann was found.

While awaiting trial on the charges, Robinson was housed at the Douglas County Correction Center. A regularly paid informant of the State Patrol, a Mr. Koppock, was also being held there after being arrested on charges of assault and receiving stolen property. During the time Robinson and Koppock were incarcerated together, Robinson admitted to Koppock that he had robbed Pfeifer at the convenience store, using a butcher knife. The sometime informant testified at the trial. Furthermore, at the trial both Klaumann and Pfeifer identified Robinson as the robber. The jury returned a verdict of guilty on both the robbery and use of a knife charges, and the court found that Robinson was a habitual criminal.

Robinson's first assignment of error is to the effect that he received ineffective assistance of counsel because his trial counsel did not call Edna Lyncook at the suppression hearing to

testify that she was not in fact Robinson's wife, had lied to the police when she told them she was his wife, and did not give consent to the officers for the photograph. Miss Lyncook was in fact called later at the actual trial by the State and testified to all that had occurred, including her false statements to the police. Following his conviction, an appeal was lodged with this court, and court-appointed counsel, pursuant to court rule, filed a motion to withdraw. That motion was considered in detail by this court and an order entered sustaining the motion to withdraw and affirming the conviction and sentence. Robinson maintains that by filing a motion to withdraw he again received ineffective assistance of counsel because there were two valid errors which should have been raised and argued to this court. The first error which Robinson maintains would have entitled him to a reversal was the inadmissibility of the photograph allegedly illegally obtained from Miss Lyncook and which was in plain sight, and, second, the testimony of Koppock to the effect that Robinson admitted committing the robbery.

Before addressing each of these matters individually, we believe it to be of some value to note the rules generally with regard to a claim of ineffective assistance of counsel. In *State v. Holtan*, 205 Neb. 314, 319, 287 N.W.2d 671, 675 (1980), we said: "[W]here one maintains that counsel was inadequate one must likewise show how or in what manner the alleged inadequacy prejudiced the defendant." We further said in *Holtan* at 320, 287 N.W.2d at 675:

> "[I]f competent counsel, after investigation, considers a point worthless, the fact that he is court-appointed does not require him to pursue it. * * * the right to counsel * * * does not include the right to counsel, whether at counsel's expense or government expense, to advance a totally frivolous claim merely because some layman thinks it has merit. . . ."

This view has since been wholly adopted by the U.S. Supreme Court in its recent decision in *Strickland v. Washington*, 466 U.S. ____, 104 S. Ct. 2052, 2064-67, 80 L. Ed. 2d 674 (1984), wherein the Court there said:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the

proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

. . . .

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

. . . .

An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. *United States v. Morrison*, 449 U.S. 361, 364-365, 101 S. Ct. 665, 667-668, 66 L. Ed. 2d 564 (1981). The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

The U.S. Supreme Court then went on to say in 104 S. Ct. at 2068-69:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to under-

mine confidence in the outcome.

. . . .

The governing legal standard plays a critical role in defining the question to be asked in assessing the prejudice from counsel's errors. When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. . . .

In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

While we do not for a moment accept Robinson's argument that the photograph was illegally obtained or should have been suppressed or that it was error to permit the photograph to have been offered in evidence, nevertheless, even assuming the argument to have validity, Robinson has not met his burden in cases of this nature. The evidence of guilt in this case was overwhelming. There were two eyewitnesses to the robbery, both of whom the evidence discloses had more than adequate time to observe Robinson and were therefore clearly able to identify him in court. Furthermore, once Miss Lyncook conceded to officers, as she did, that she was attempting to pervert justice and assist in hiding the commission of a crime, Robinson would have been arrested, even without the photograph. The photograph played no material role in convicting Robinson. That the investigating

officer obtained an identification from the convenience store attendants regarding Robinson at the very moment that Miss Lyncook was admitting to her actions seeking to give false information to the police is of no material significance. The trial court was absolutely correct in disregarding this as evidence of ineffective assistance of counsel.

Likewise, Robinson's claim that he received ineffective assistance of counsel in this court on appeal because a brief was not filed and, instead, counsel filed a motion to withdraw is wholly without merit. Upon the filing of the motion to withdraw, the court made a careful study of both the record and the legal arguments which would have been raised had briefs been filed. It was clear that neither the contention regarding the photograph nor the testimony of Koppock had any merit. Voluntary statements made to third persons who were not then acting as police officers or their equivalent are not inadmissible, even though the individual did not receive his *Miranda* warnings. See *State v. Crouch*, 205 Neb. 781, 290 N.W.2d 207 (1980). Koppock was in jail because of his own misconduct and not at the direction of the police. Robinson freely and voluntarily made his confession to Koppock, and that was clearly admissible.

There is simply no basis to Robinson's contention that he received ineffective assistance of counsel, and the trial court was correct in denying the requested relief. The judgment is affirmed.

AFFIRMED.