STATE OF NEBRASKA, APPELLEE, V. RICHARD W. RAYES, APPELLANT.

357 N.W.2d 222

Filed November 2, 1984.   No. 84-240.

Dennis R. Keefe, Lancaster County Public Defender, and Mariclare Thomas, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, an inmate at the Nebraska Penal and Correctional Complex, was convicted of the felony offense of carrying a deadly weapon concealed on or about his person. In his appeal he assigns as error the denial by the trial court of his right to call certain witnesses in his behalf, in contravention of his sixth and fourteenth amendment rights.

During the course of a strip search conducted preparatory to his being taken to court, he threw his shirt on a chair located in the corner of the room. The officer conducting the search heard an object hit the wall and saw it hit the floor. The object turned out to be a homemade knife with tape wrapped around it. The officer asked the defendant where the knife had come from, and the defendant replied that it must have come from the bottom of the chair. The knife was taken into custody, but the chair remained in use, and the defendant's clothing was returned to him.

The critical issue in this case was whether the knife was in fact concealed "on or about the person" of the defendant. This was established by circumstantial evidence only.

During the State's case in chief, a fingerprint specialist and an investigator with the State Patrol, in response to questions from both the State and the defense, stated that although the knife was examined for fingerprints, none were found. They also acknowledged that the State Patrol had experts who dealt with hair examinations, blood types, and tests for the presence of fibers or metal filings, but not one of these examinations was done.

As part of his defense, the defendant had subpoenaed two persons from the State Patrol criminal laboratory to testify. The State moved in limine to prohibit the witnesses from testifying as to what possible tests could have been run on the knife, as well as on the chair and defendant's clothing, on the ground that such evidence was not relevant. The motion was sustained.

The only showing in the nature of an offer of proof consisted of argument by trial counsel that there were certain tests which

could have been performed which might have included or excluded the defendant as having the weapon in his possession. Counsel was unable to state just what tests could have been performed or what the tests could demonstrate. It was defendant's position that he would want to ask the subpoenaed witnesses questions to make that determination.

The sixth amendment to the U.S. Constitution guarantees to a defendant "compulsory process for obtaining *witnesses in his favor.*" (Emphasis supplied.) That clause is violated when a defendant is arbitrarily deprived of testimony that would have been relevant, material, and vital to the defense. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 102 S. Ct. 3440, 73 L. Ed. 2d 1193 (1982). "He must at least make some plausible showing of how their [the absent witnesses'] testimony would have been both material and favorable to his defense." *Id.* at 867.

If we understand defendant's argument correctly, he contends that the proffered witnesses could have testified that the clothing contained or did not contain filings from the knife or that the knife revealed or did not reveal body secretions from the defendant. It would seem to us that all that could be deduced from that testimony would be that if tests had been run, they would either have shown that the defendant had the knife on his person or that *perhaps* he did not.

Furthermore, there is no requirement that we know of that the State, during its investigation, must "leave no stone unturned." The prosecution may not deliberately withhold evidence which it knows or has reason to know will be beneficial to the defendant. *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). "If everything that might influence a jury must be disclosed, the only way a prosecutor could discharge his constitutional duty would be to allow complete discovery of his files as a matter of routine practice." *United States v. Agurs*, 427 U.S. 97, 109, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976).

The defendant here seems to be urging the adoption of the "conceivable benefit" test employed by the court of appeals and rejected by the Supreme Court in *Valenzuela-Bernal*.

So it is with the "conceivable benefit" test. Given the vagaries of a typical jury trial, it would be a bold statement

indeed to say that the testimony of any missing witness could not have "conceivably benefited" the defense. To us, the number of situations which will satisfy this test is limited only by the imaginations of judges or defense counsel.

*Valenzuela-Bernal, supra* at 866-67.

The testimony of the rejected witnesses, as far as we know, would have been both cumulative and lacking in relevancy. We believe the situation here is not so different from that existing in *State v. Vernon, ante* p. 539, 356 N.W.2d 887 (1984), in which we rejected defendant's claim that the State must preserve the defendant's breath sample taken in a suspected DWI case because a later test of the defendant's choosing might have revealed a lower blood alcohol level.

The judgment of the district court was correct and is affirmed.

AFFIRMED.