STATE OF NEBRASKA, APPELLEE, V. ROBERT E. WILLIAMS,
APPELLANT.
358 N.W.2d 195

Filed November 9, 1984.   No. 83-537.

Patrick W. Healey and Douglas L. Kluender, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Robert E. Williams appeals the order of the district court for Lancaster County, Nebraska, denying relief under the Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). This is Williams' second motion for post conviction relief. A jury found Williams guilty of the first degree murders of Catherine M. Brooks and Patricia A. McGarry, and one count of first degree sexual assault. Williams was sentenced to death for each of the murders and to an indeterminate sentence for the sexual assault. See State v. Williams, 205 Neb. 56, 287 N.W.2d 18 (1979). For the jury trial and direct appeal, as well as when Williams' first motion for post conviction relief was filed, the Lancaster County public defender's office represented Williams. After the hearing on Williams' first motion, present counsel was appointed. See State v. Williams, 217 Neb. 539, 352 N.W.2d 538 (1984).

In the second motion for post conviction relief, Williams alleges a violation of his sixth amendment right guaranteed

under the U.S. Constitution, namely, a denial of effective assistance of counsel. Williams contends such constitutional question could not have been raised in his first post conviction proceedings because he was still being represented by the public defender's office, the very attorneys whose assistance Williams now assails.

As alleged in the second motion for post conviction relief, the ineffective assistance of Williams' counsel falls into two categories. First, Williams asserts that his counsel did not adequately investigate, prepare, and perform regarding the jury trial. Second, Williams claims that a conflict of interest in the public defender's office denied effective assistance of counsel. Williams' motion contains the following:

Defendant was further denied effective assistance of counsel, in violation of the Sixth Amendment to the Constution [sic] of the United States, as a result of his trial attorneys having a conflict of interest at the time they represented defendant herein, which conflict was as follows:

(a) Defendant, prior to his arrest in the above matter, was the Respondent in a divorce action in the District Court of Lancaster County, Nebraska, in which Merrilee Williams was the Petitioner;

(b) That Merrilee Williams was represented in said divorce action by one Paul Conley, who was at that time also a member of the same office as defendant's trial counsel, that office being the Lancaster County Public Defender's Office;

(c) That defendant, approximately two days before the crimes alleged herein, telephoned Mr. Conley, and inquired regarding the status of the divorce proceeding, at which time defendant was informed that the divorce proceeding was completed, and defendant was divorced;

(d) That defendant was thereafter arrested for abducting Merrilee Williams, and after posting bond, became a suspect in the killings of Patricia McGarry and Catherine Brooks which occurred two days later;

(e) That defendant's trial attorneys discovered that Merrilee Williams was a critical witness for the defense in

their presentation of an insanity defense for defendant, due to her knowledge of defendant's mental state at the time of the crimes alleged;

(f) Notwithstanding the fact that trial counsel was aware that Merrilee Williams' attorney was a member of the same office as defendant's attorneys, they undertook representation of defendant with the knowledge that their interests in locating and procuring the testimony of Merrilee Williams was [sic] in conflict with those of Ms. Williams, who left the State of Nebraska during the pendency of defendant's case herein;

(g) That as a result of the above-stated conflict of interest, defendant was unable to present evidence at trial which was critical to his defense;

(h) That defendant expressed concern to his trial counsel regarding this conflict of interest, but trial counsel obtained no waiver of said conflict from defendant, nor did they alert the trial court to this problem.

After examining the records and files, the trial court, without an evidentiary hearing, denied Williams' second motion. Williams contends he is entitled to an evidentiary hearing on his motion for post conviction relief.

In a proceeding under the Post Conviction Act the applicant is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights and the pleading of mere conclusions of fact or of law are [sic] not sufficient to require the court to grant an evidentiary hearing.

*State v. Turner*, 194 Neb. 252, 257, 231 N.W.2d 345, 349 (1975). See, also, *State v. Robinson*, 215 Neb. 449, 339 N.W.2d 76 (1983).

We have consistently stated that "[a] court may properly deny an evidentiary hearing upon a motion to vacate a conviction filed under § 29-3001 upon a determination after an examination of the files and records of the case that the petitioner is entitled to no relief." *State v. Meredith*, 212 Neb. 109, 109-10, 321 N.W.2d 456, 457 (1982). See, also, *State v. Miles*, 202 Neb. 126, 274 N.W.2d 153 (1979); *State v. Fincher*, 189 Neb. 746, 204 N.W.2d 927 (1973).

Once a motion for post conviction relief has been judicially determined, any subsequent motion for such relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of the filing of the prior motion. [Citations omitted.]

*State v. Ohler*, 215 Neb. 401, 405, 338 N.W.2d 776, 778-79 (1983).

Concerning Williams' first motion for post conviction relief, we specifically held:

Regarding Williams' general contention that all counsel have been ineffective, we recognize that the test of effective assistance of counsel requires that a defendant's attorney perform at least as well as a lawyer with ordinary training and skill in the criminal law in his area and that counsel conscientiously protect the interests of his client. [Citation omitted.] Based on the record before us, we are satisfied that Williams had effective assistance of counsel in every proceeding against or involving him.

*State v. Williams*, 217 Neb. 539, 550, 352 N.W.2d 538, 544 (1984). Clearly, in disposing of Williams' first motion we have already dealt with the contention that counsel did not adequately prepare, investigate, and perform during Williams' jury trial. Denial of an evidentiary hearing on Williams' claim that his counsel did not properly prepare for or conduct the jury trial does not constitute error under the circumstances.

The gist of the remainder of Williams' motion is that his defense of insanity was undermined as the result of a conflict of interest—his counsel's apparently preferential protection of Merrilee Williams by nondisclosure of her whereabouts, to the prejudice of Williams' defense against the criminal charges.

A conflict of interest places a defense attorney in a situation inherently conducive to divided loyalties. . . . The phrase "conflict of interest" denotes a situation in which regard for one duty tends to lead to disregard of another . . . where a lawyer's representation of one client is rendered less effective by reason of his representation of another client.

*State v. Turner, ante* p. 125, 131, 354 N.W.2d 617, 621-22 (1984).

During the jury trial, two psychiatrists testified on behalf of Williams. In our opinion rendered in Williams' direct appeal, *State v. Williams*, 205 Neb. 56, 63, 287 N.W.2d 18, 23 (1979), we referred to the expert testimony of the psychiatrists:

Two psychiatrists for the defense testified that at the time of the crimes the defendant suffered from a paranoid state beyond that of a personality disorder. One testified that the defendant's perception of reality and his judgment were seriously impaired, but the doctor could not say the defendant did not know that what he was doing was wrong. The other doctor testified that the defendant's thinking process was distorted and that he would know his actions were wrong only if he took time to think.

As an inference in the second motion, Merrilee, although not an expert, could have testified that Williams was insane when the crimes charged were committed. See *State v. Myers*, 205 Neb. 867, 869, 290 N.W.2d 660, 661 (1980) ("a nonexpert with an intimate personal acquaintance may be allowed to testify as to the sanity or insanity of a defendant"). Merrilee's missing testimony is characterized as "critical" to Williams' defense of insanity, that is, the turning point in psychiatric opinions about Williams' inability to distinguish between right and wrong. Consequently, according to Williams' allegations, Merrilee's testimony about insanity would have provided a basis for psychiatric opinions more consistent with Williams' defense of insanity rather than the inconclusive opinions actually expressed by the psychiatrists testifying at trial.

As a result of Williams' second motion, there are several questions raised regarding a possible conflict of interest on the part of defense counsel. Therefore, there should have been an evidentiary hearing as an opportunity for Williams to establish his allegation that a conflict of interest denied effective assistance of counsel. See §§ 29-3001 et seq. Refusal to grant an evidentiary hearing on the question of whether there was a conflict of interest regarding Williams' counsel was prejudicial error by the district court and requires reversal of the lower court's judgment.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.

HASTINGS, J., not participating.

KRIVOSHA, C.J., dissenting.

I find that I must respectfully dissent from the majority in this case, in that I do not believe that the allegations contained in Williams' second motion for post conviction relief are sufficient to require the trial court to grant him an evidentiary hearing.

Part of the difficulty we encounter here may be as a result of our earlier decision in *State v. Myers*, 205 Neb. 867, 290 N.W.2d 660 (1980). In *Myers* I wrote separately because I did not then, nor do I now, believe that a nonexpert can testify as to whether one is insane as that term is used under our criminal law. To suggest that a nonexpert may testify as to whether an individual, at the time of the commission of a crime, had the ability to distinguish between right and wrong and knew the nature and quality of his or her act, as required under the rule in this jurisdiction, is to permit a nonexpert to testify about a matter on which the nonexpert could not possibly have an opinion. See *Northern Nat. Gas Co. v. Beech Aircraft Corp.*, 202 Neb. 300, 275 N.W.2d 77 (1979).

Beyond that, however, I do not believe that the allegations contained in the motion filed by Williams are sufficient to raise a factual dispute sufficient to entitle Williams to an evidentiary hearing. As the majority notes, a court may properly deny an evidentiary hearing upon a determination after an examination of the files and records of the case that the petitioner is entitled to no relief. Further, as the majority notes, the pleading of mere conclusions of fact or of law is not sufficient to require the court to grant an evidentiary hearing. See, *State v. Turner*, 194 Neb. 252, 231 N.W.2d 345 (1975); *State v. Robinson*, 215 Neb. 449, 339 N.W.2d 76 (1983).

Recently, in *State v. Rayes, ante* p. 588, 357 N.W.2d 222 (1984), we held that the defendant must at least make some plausible showing of how the testimony of the absent witness would have been both material and favorable to the defense before the defendant is entitled to relief. And earlier, in *State v. Holtan*, 205 Neb. 314, 287 N.W.2d 671 (1980), we held that

Holtan's conclusory claim that he did not receive effective assistance of counsel because counsel did not subpoena witnesses from the State of Washington was without merit. In doing so, we said at 321, 287 N.W.2d at 676:

> The record, however, fails to disclose what, if anything, the witnesses would have testified to had they been called. What they might have testified to at best was the defendant's hope and wish. In the absence of evidence to disclose what the witnesses would have testified to, we are unable to establish any prejudice and therefore unable to establish any error.

In the instant case the motion filed by Williams makes no allegations of fact entitling Williams to any evidentiary hearing or further relief. The allegations are simply that as a result of his trial attorneys' having a conflict of interest, they failed to call Williams' former wife, Merrilee Williams. The allegations, however, contain no matters of fact and are wholly conclusory in nature. Specifically, the allegations read: "That defendant's trial attorneys discovered that Merrilee Williams was a critical witness for the defense in their presentation of an insanity defense for defendant, due to her knowledge of defendant's mental state at the time of the crimes alleged." The allegations of paragraph 6(e) of Williams' motion contain no allegations of fact requiring the holding of an evidentiary hearing. At a minimum, Williams was required to allege what it is that Merrilee Williams would have testified about had she been called. To suggest that she was a critical witness due to her knowledge of his mental state, without alleging whether she would have testified and of what that testimony would have consisted, is insufficient in my view to entitle Williams to an evidentiary hearing.

While it may be true, as suggested by the majority opinion, that Merrilee Williams "could have" testified that Williams was insane, the problem is that the motion contains no such allegation. For all we can tell from the allegations, Merrilee Williams may testify that Williams was sane. We need not hold a hearing to receive that evidence. That is why a party seeking relief under the Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979), must allege "facts" and not

mere conclusions to entitle him to an evidentiary hearing. I would have affirmed the action of the trial court in denying to Williams an evidentiary hearing.

BOSLAUGH, J., dissenting.

I join in that part of the dissent of the Chief Justice which relates to the insufficiency of the allegations in the motion.